IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

THOMAS SOULE,

          Plaintiff,

v.

CURRY HEALTH DISTRICT,
ANDREW BAIR, LORA MAXWELL,
PAMELA BROWN, TERRI TOMBERLIN,

          Defendants.

Case No. 1:14-CV-1381-CL

**REPORT &
RECOMMENDATION**

CLARKE, Magistrate Judge

On August 27, 2014 Plaintiff Thomas Soule filed his Complaint (#1), bringing claims against the defendants relating to his employment and termination as a nurse with the Curry Health District. Plaintiff filed an Amended Complaint (#6) on January 6, 2015, asserting claims for unlawful employment practices under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and Procedural Due Process under 42 U.S.C. § 1983, state statutes O.R.S. §§ 658A.030, 659A.199 and 659.203, as well as common law torts of defamation,

Page 1 – REPORT & RECOMMENDATION

intentional infliction of emotional distress ("IIED"), and wrongful discharge. The case comes before the Court now on the defendants' motion (#7) to dismiss plaintiff's claims for whistleblowing, retaliation, wrongful discharge, IIED, tortious interference with economic relations, and defamation. For the reasons below, this motion should be GRANTED in part and DENIED in part.

## STANDARD

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (FRCP), the Court must dismiss a claim if the plaintiff fails to plead or establish subject-matter jurisdiction. Plaintiff has the burden to plead and establish that the court has subject-matter jurisdiction. Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770 (9th Cir. 2000). When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits or other evidence regarding the question of jurisdiction. Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005).

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Id. (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for

failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. Odom v. Microsoft Corp., 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted). "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Jones v. Bock, 549 U.S. 199, 215 (2007).

## DISCUSSION

The defendants move to dismiss Plaintiff's whistleblowing claim under O.R.S. § 659A.203 or O.R.S. § 659A.199, retaliation under O.R.S. § 441.174, wrongful discharge, IIED, and tortious interference with economic relations, based on the assertion that Plaintiff did not provide adequate notice of these claims to Curry Health District as required by the Oregon Tort Claims Act ("OTCA"). Defendants also move to dismiss Plaintiff's IIED and defamation claims based on failure to allege sufficient facts to state a claim for relief.

**I.    Oregon Tort Claims Act does not bar Plaintiff's claims.**

The OTCA provides that "no action arising from any act or omission of a public body or an officer, employee or agent of a public body . . . shall be maintained unless notice of claim is given as required by this section." O.R.S. § 30.275(1). The parties agree that Curry Health District is a public body within the scope of the OTCA. Accordingly, no state law tort claim may be maintained against the District or its officers, employees, or agents unless notice of that claim was provided in accordance with the OTCA. Notice under the OTCA is a jurisdictional

prerequisite; it is an essential element, which plaintiff has the burden to establish. O.R.S. § 30.275(1) and (7).

Under the OTCA, notice of a claim must be given to a public body "within 180 days after the alleged loss or injury." O.R.S. § 30.275(2)(b). To satisfy that requirement, a plaintiff must either provide formal or actual notice of the claim or commence a lawsuit within that 180-days window. O.R.S. § 30.275(3). Actual notice must include "a statement that a claim for damages is or will be asserted against the public body or an officer, employee or agent of the public body" as well as a "description of the time, place and circumstances giving rise to the claim, so far as known to the claimant." O.R.S. § 30.275(4). Although the claimant need not necessarily identify the precise legal theory, the notice must provide sufficient description of the facts and circumstances such that a "reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body." O.R.S. § 30.275(6). A plaintiff must provide facts relating to the specific claim or claims but only has to "convey an intent to assert a claim" in general terms and is not required to provide the specific nature or theory of the claim or claims. Flug v. University of Oregon, 335 Or. 540, 553, 73 P.3d 917 (2003). In other words, "[a]lthough the notice must warn of the plaintiff's intent to bring 'a claim,' the use of that term demonstrates that that warning need not specify precisely what claim." Id. (emphasis in original).

In this case, it is undisputed that Plaintiff sent the defendant a Notice of Claim letter within the appropriate time frame. The letter stated that he intended to file claims against the defendant arising from Plaintiff's employment and termination on or about November 7, 2013. Specifically, "Mr. Soule's claims will include, but not necessarily be limited to, the taking of property without due process of law, violation of liberty interest, wrongful discharge, breach of

Page 4 – REPORT & RECOMMENDATION

contract and discrimination based on age and disability under federal and state law." Based on this information, the defendant had reasonable notice that Plaintiff intended to file suit, such that the defendant could investigate the circumstances surrounding his employment and termination. Because the OTCA does not require a plaintiff to specify "what claim(s)" he or she intends to bring, the fact that he did specify some of his intended claims does not preclude him from bringing others, as long as they "arise from [his] employment and termination." The notice was thus sufficient for purposes of the OTCA. Defendant's motion to dismiss pursuant to Rule 12(b)(1) should be denied.

**II.   Defendant's motion to dismiss Plaintiff's defamation claim should be denied.**

To state a claim for defamation, Plaintiff must allege (1) the making of a defamatory statement, (2) the publication of the defamatory material, and (3) a resulting special harm, unless the defamatory statement gives rise to presumptive special harm. See Mannex Corp. v. Bruns, 250 Or. App. 50, 58, 279 P.3d 278, 284 (2012) (citing Wallulis v. Dymowski, 323 Or. 337, 342–43, 918 P.2d 755 (1996)). In general, a statement is published when it is communicated to a third party. Wallulis, 323 Or. at 343, 918 P.2d 755.

In his Seventh Claim for Relief, Plaintiff asserts a claim for "Defamation against Curry Health District and Pamela Brown, Lora Maxwell, Andrew Bair, and Terri Tomberlin in their Individual Capacities." He alleges: "Mr. Soule attempted to mitigate the damage to himself by looking for a new job after his termination. CHD made defamatory statements in bad faith and with malicious purpose about Mr. Soule to Rush Surgery Center after the surgery center offered Mr. Soule a job. As a result of those defamatory statements, Mr. Soule was unable to secure employment equivalent to his job at CHD, and was unemployed for 174 days." First Amended Complaint ¶ 79–81. Although Plaintiff fails to assert the specifics of the statements made by the

defendants, he does allege the entity to which the statements were made, and a general timeframe, such that the defendants should be able to investigate and defend such claims. The practical reality of a claim that asserts communication between two parties other than the Plaintiff necessarily prevents specificity of such facts until the parties have a chance to engage in discovery. Thus, while these allegations border on conclusory, the Court is satisfied that they state a cognizable legal theory with sufficient factual matter to state a plausible claim for relief.

### III. Plaintiff's claim for intentional infliction of emotional distress should be dismissed without prejudice and with leave to file an amended complaint.

"To state a claim for intentional infliction of emotional distress, a plaintiff must plead that (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841, 849 (1995). Intent is defined to mean "where the actor desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct." Id. at 550 (emphasis omitted). The nature of the relationship between the parties affects the type of conduct that is considered actionable. Id. at 548. Socially intolerable conduct is conduct that is "outrageous in the extreme." Watte v. Edgar Maeyens, Jr., M.D., P.C., 112 Or. App. 234, 239, 828 P.2d 479, 481 (1992). Conduct that is merely "rude, boorish, tyrannical, churlish and mean" does not satisfy that standard, nor do "insults, harsh or intimidating words, or rude behavior ordinarily result in liability even when intended to cause distress." Id. (internal citations omitted).

Plaintiff's Ninth Claim for Relief asserts: "Defendant CHD terminated Mr. Soule in a manner intended to inflict emotional distress. Defendants succeeded in causing Mr. Soule severe emotional distress. Defendants' actions were an extraordinary transgression of the bounds of

socially tolerable conduct." Responding to defendants' motion to dismiss, Plaintiff draws attention to allegations contained in his Amended Complaint that he was "subject to harassment, unnecessary discriminatory actions, and a generally hostile work environment," that he was demoted from Chief Nursing Officer to Nurse, and that, while employed, one of the defendants directed him to go home "without giving him a reason," even though a staff meeting was about to take place regarding the resignation of his direct supervisor. Additionally, Plaintiff points to his allegations that the defendants deliberately made defamatory statements that prevented him from obtaining subsequent employment. The Court agrees that these allegations are vague and conclusory. First, there are no specific factual allegations regarding the manner in which Plaintiff was terminated, which is the basis for his claim, according to the Amended Complaint. Second, the only allegation that potentially rises to the level of outrageous conduct – that is, conduct that transgresses the bounds of socially tolerable conduct – is the assertion that Plaintiff was subject to "discriminatory actions and a hostile work environment," and there is no indication regarding what specific actions were taken, nor is there any indication that the actions were more than "rude and boorish." Thus, Plaintiff has not alleged sufficient factual matter to state a claim for plausible relief. His claim for intentional infliction of emotional distress should be dismissed without prejudice. Plaintiff should be given leave to file an amended complaint that complies with the pleading requirements as defined above.

## RECOMMENDATION

Defendant's motion (#7) should be GRANTED in part and DENIED in part and plaintiff's claim for intentional infliction of emotional distress should be dismissed without prejudice and with leave to file a second amended complaint. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days

after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of April, 2015.

_____
MARK D. CLARKE
United States Magistrate Judge