IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THOMAS SOULE, | CASE NO: 1:14-CV-1381-CL |
| Plaintiff, | ORDER |
| v. | |
| CURRY HEALTH DISTRICT, ANDREW BAIR, LARA MAXWELL, PAMELA BROWN, TARA TOMBERLIN, | |
| Defendants. | |

MCSHANE, Judge:

Magistrate Judge Mark D. Clarke filed a Report and Recommendation (ECF No. 14) and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b). Defendants filed objections to the report. ECF No. 18. Accordingly, I have reviewed this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I adopt the Report and Recommendation in part. Soule's defamation claims against defendants Bair, Maxwell, and Tomberlin, and Soule's IIED claim, are dismissed without prejudice. Soule's claim for tortious interference is dismissed with prejudice.

First, defendants argue Judge Clarke erred as the Oregon Tort Claim Act (OTCA) bars Soule's whistleblowing, retaliation, wrongful discharge, intentional infliction of emotional

1 – ORDER

distress (IIED), and tortious interference claims because the notice Soule sent to comply with the OTCA was insufficient. ECF No. 18, 5. With the exception of the tortious interference claim discussed below, I disagree.

Despite the defendants' argument that "clear law" established that "the OTCA requires a plaintiff to provide notice of each specific claim that is ultimately asserted," ECF No. 18, 6 (emphasis in original), the authority the defendants cite states that, in an OTCA notice, "a plaintiff must provide a defendant with the facts (i.e., time, place, and circumstances) that relate to the specific claim or claims that a plaintiff ultimately asserts, [but] the plaintiff need convey an intent to assert a claim only in general terms." *Flug v. Univ. of Or.*, 335 Ore. 540, 553 (Or. 2003). As Judge Clarke correctly noted, the defendants had reasonable notice that Soule intended to file a claim or claims that arose out of the specific facts and circumstances surrounding Soule's termination. ECF No. 14, 5. Soule's notice, in full, stated:

> On behalf of Thomas Soule I hereby give notice of his claims against the Curry Health District, and its officers, for money damages and injunctive relief arising from the termination of Mr. Soule's employment and violation of his civil rights. Such claims will be based on conduct and actions culminating in the wrongful termination of Mr. Soule's employment on or about November 7, 2013. Mr. Soule's claims, will include, but not necessarily be limited to, the taking of property without due process of law, violations of liberty interest, wrongful discharge, breach of contract and discrimination based on age and disability under federal and state law.

ECF No. 8-1, 1; Tomberline Decl., Ex. 1, 1. Judge Clarke therefore did not err in concluding the notice satisfied the requirements of the OTCA as to Soule's claims related to his employment with CHD.

The exception comes with Soule's tortious interference claim. That claim is based on alleged events occurring on March 11, 2014. Soule alleges that after his wrongful discharge, CHD and defendant Brown interfered with his attempt to secure employment with another employer.

2 – ORDER

The notice provided did not describe the facts and circumstances forming the basis of Soule's tortious interference claim. In fact, the notice came several months before any alleged tortious interference, and the notice specifically referred to claims "based on conduct and actions culminating in the wrongful termination of Mr. Soule's employment on or about November 7, 2013." As a matter of law, the only notice provided failed to satisfy the requirements of the OTCA as to the tortious interference claim. As proper notice is a jurisdictional requirement, that claim is dismissed, with prejudice.

The defendants next argue that the Court should dismiss Soule's defamation claims because they did not meet the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 – 79 (U.S. 2009). ECF No.18, 13. To meet the pleading standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.

Here, Soule alleges that the CHD and defendant Brown made "defamatory statements" and "forbade Rush [Surgery Center] from hiring him." If these allegations are accepted as true, the Report and Recommendation is correct in that Soule provided as much information as possible considering he was not in the room to hear the alleged statements. ECF No. 14, 6. Though the allegations border on conclusory, the defamation claim meets the pleading standard because the Court can draw the reasonable inference that CHD and Brown are liable for the alleged misconduct.

3 – ORDER

The defendants also contend that Soule failed to allege that defendants Bair, Maxwell, and Tomberlin made any defamatory statements against him. This argument is persuasive. The First Amended Complaint contains no allegation that Blair, Maxwell, or Tomberlin made any statement at all. Instead, the complaint alleges that "CHD made defamatory statements in bad faith and with malicious purpose about Mr. Soule to Rush Surgery Center after the surgery center offered Mr. Soule a job." ¶ 80. Earlier in the complaint, Soule alleges that defendant Brown made defamatory statements about Soule to a prospective employer. ¶ 24. But again, the complaint is silent as to any statements by Blair, Maxwell, or Tomberlin. As noted by Judge Clarke, a defamation claim requires the making of a defamatory statement. Report and Recommendation, 5. Therefore, the defamation claims against defendants Bair, Maxwell, and Tomberlin are dismissed without prejudice.

The defendants also argue that Soule's defamation claims fail because he did not allege that the defendants made a false statement of fact, which is required under Oregon law. *See Tubra v. Cooke*, 233 Ore. App. 339, 347 (Or. Ct. App. 2010); ECF No. 18, 14. However, in alleging that the defendants made defamatory remarks, ECF No. 6, 12, Soule alleged that the defendants made "a false statement that would subject the plaintiff to hatred, contempt or ridicule." *Id.* (citations omitted). Put differently, in alleging defamation, Soule alleged false statements.

/ / / /

/ / / /

/ / / /

/ / / /

4 –ORDER

Magistrate Judge Clarke's Report and Recommendation (ECF No. 14) is adopted in part. Soule's defamation claims against defendants Bair, Maxwell, and Tomberlin, and Soule's IIED claim, are dismissed without prejudice. Soule's claim for tortious interference is dismissed with prejudice. Defendants' request for oral argument is denied.

IT IS SO ORDERED.


DATED this 22nd day of July, 2015


                                              <u>/s/ Michael J. McShane</u>
                                                 Michael McShane
                                         United States District Judge